UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON MEMORIAL COMMUNITY HOSPITAL,<br><br>Defendant. | Case No. 1:23-CV-00510-CCB-SLC |

**ORDER**

Plaintiff Jane Doe, individually and on behalf of a putative class, alleges that Defendant Cameron Memorial Community Hospital ("CMCH") embedded tracking technologies, including Pixel by Meta Platforms, Inc., into its website and online platforms, and disclosed her personal information to third parties without her consent. [DE 3 at ¶¶ 8-11.] CMCH removed the case from state court under the federal question statute, 28 U.S.C. § 1331, and the federal officer removal statute, 28 U.S.C. § 1442. [DE 1.] CMCH argues that the Court has federal question jurisdiction arising from Doe alleging a violation of federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d *et. seq*., as part of Doe's breach of contract claim [DE 1 at ¶¶ 4-7.] CMCH also argues that the Court has jurisdiction under the federal officer removal statute because the federal government allegedly directed CMCH's creation and maintenance of its patient portal, including by making incentive payments to CMCH. [DE 1 at ¶ 24, DE 12 at 21-24.] Pending before the Court is Doe's motion to remand the case to the Superior Court of Steuben County, Indiana, arguing that the Court lacks subject matter jurisdiction, and request for attorney fees. [DE 8.]

The Court is aware of several district court decisions that have been appealed to the United States Court of Appeals for the Seventh Circuit that involve substantively identical facts and

argument.[1] In *Elkins v. Se. Indiana Health Mgmt. Inc.*, plaintiff, on behalf of himself and a putative class, alleged that the website-tracking Pixel embedded in a hospital's patient portal shared his health data without his consent and sued in state court. No. 1:23-cv-01117-JRS-TAB, 2023 WL 6567438, at *1 (S.D. Ind. Oct. 10, 2023). The defendant hospital removed to federal court under 28 U.S.C. § 1331 and 28 U.S.C. § 1442, and the plaintiff moved to remand the case to state court. *Id.* The district court granted the plaintiff's motion to remand, finding that the defendant hospital creating an online patient portal that satisfied the criteria for Medicare incentive payments was insufficient to establish that federal officer removal was proper under 28 U.S.C. § 1442(a)(1). The court also found that jurisdiction under 28 U.S.C. § 1331 was not warranted, explaining that the HIPAA violation was not necessarily raised in any of the plaintiff's state law theories, and that a jury could find that the tracking pixel breached an implied contract of data privacy without regard to HIPAA. *Id.* at *3. The decision in *Elkins* has been appealed. *See appeal docketed*, No. 23-3159 (7th Cir. Nov. 9, 2023). Other district court decisions that have granted motions to remand under similar facts and argument also have pending appeals with the Seventh Circuit, which have been consolidated on appeal with *Elkins*. *See Lamarr v. Goshen Health Sys. Inc.*, No. 1:23-cv-01173-JRS-MJD, 2023 WL 6690582 (S.D. Ind. Oct. 12, 2023), *appeal docketed*, No. 23-3175 (7th Cir. Nov. 13, 2023); *see also Chiaro v. Methodist Hosps., Inc.*, No. 123CV01051SEBCSW, 2023 WL 8254537(S.D. Ind. Nov. 29, 2023), *appeal docketed*, No. 23-3385 (7th Cir. Dec. 19, 2023).

The Court finds that the Seventh Circuit's decisions in *Elkins*, *Lamarr*, and *Chiaro* will affect disposition of Doe's motion to remand [DE 8], and that a stay of these proceedings is proper. *See Matavka v. Bd. of Educ. of J. Sterling Morton High Sch. Dist.* 201, 189 F. Supp. 3d 809, 811 (N.D. Ill. 2016) (staying resolution of motion to dismiss pending decision by the Seventh Circuit that would

---

[1] The Court may take judicial notice of Court of Appeals decisions and dockets. *See Canada v. Julien*, No. 2:15-cv-00383-WTL-DKL, at *2 n.1 (S.D. Ind. Dec. 7, 2016) (citations omitted).

plainly affect disposition of motion); *see also Spano v. Boeing Co., Emp. Benefits Plans Comm.*, No. 06-CV-743-DRH, 2007 WL 2688456, at *2 (S.D. Ill. Sept. 10, 2007) (staying proceedings sua sponte pending resolution of appeal in separate case).

Accordingly, in the interests of justice and efficiency, this matter is hereby **STAYED** pending resolution of appeals in *Elkins*, *Lamarr*, and *Chiaro* by the United States Court of Appeals for the Seventh Circuit.

SO ORDERED.

September 30, 2024

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT